Shawn A. DAILEY, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 425, 2007.

Supreme Court of Delaware.

Submitted: Aug. 20, 2008.

Decided: Sept. 2, 2008.

David J.J. Facciolo and Bernard J. O'Donnell (argued), Office of the Public Defender, Wilmington, Delaware for appellant.

James T. Wakley, Department of Justice, Wilmington, Delaware for appellee.

Before STEELE, Chief Justice, HOLLAND, JACOBS, RIDGELY, Justices and NOBLE, Vice Chancellor * constituting the court en banc.

STEELE, Chief Justice.

A Superior Court jury convicted Shawn Dailey, defendant-appellant, of three counts of first degree rape. Dailey makes three arguments on appeal. First, he argues that a Superior Court judge should have excluded the complaining witness's videotaped statement because the State failed to lay the proper foundation for its admission under 11 *Del. C.* § 3507. Second, Dailey contends that the trial judge chilled Dailey's right to testify when the judge improperly suggested that he would admit the facts underlying an earlier conviction for a sex crime into evidence if Dailey testified. Finally, Dailey argues that the prosecutor's remarks during his rebuttal summation impermissibly shifted the burden of proof to Dailey requiring the trial judge to issue a curative instruction.

We conclude: (1) that the complaining witness's testimony established the proper foundation for admission of the videotaped statement under 11 *Del. C.* § 3513(b)(1); (2) that Dailey's ultimate decision not to testify rendered any complaint about the trial judge's advisory opinion on the admissibility of the facts underlying an earlier conviction moot; and (3) that the prosecutor on summation merely commented on evidence that challenged Dailey's contentions in defense and, thus, did not shift the burden of proof to the defendant. Therefore, we **AFFIRM.**

### FACTS

A grand jury indicted Dailey for five counts of first degree rape. These charges were based on allegations that he raped six-year-old S.D. in late 2005.

In July 2006, S.D. told her mother "boys have milk," prompting her mother to take S.D. to a pediatrician, Dr. Witherall. Dr. Witherall's report showed that S.D. explained that Dailey had engaged in sexual contact with her. S.D.'s mother also took S.D. to the Child Advocacy Center. At trial, the State introduced S.D.'s videotaped interview at the CAC. During that CAC videotaped session, S.D. described Dailey's contact with her. Dailey does not contest that the conduct described at the CAC interview supports a conviction for first degree rape.

In order to introduce the videotaped statement at trial, the State called S.D. as a witness. S.D. testified live before the jury that Dailey "tried to touch" her "butt" with his "wee wee." The trial judge found that S.D.'s testimony met the threshold required before admitting her out-of-court statement under 11 *Del. C.* § 3507 and applicable case law.

---

* Sitting in designation pursuant to Del. Const. Art. IV § 12.

During trial, defense counsel attempted to elicit a prophylactic ruling from the trial judge definitively resolving whether the facts underlying Dailey's earlier conviction for unlawful sexual intercourse would be admitted.

> DEFENSE COUNSEL: Your Honor, there will be consideration tomorrow of whether my client's going to testify. I may as well bring this up at this moment. He has a prior conviction for unlawful sexual intercourse third degree, a different set of facts than this, but I am unclear *whether or not the State will be able to go into the actual facts of that one.* That one is going to be a probative versus prejudice type of analysis. The representation that my client had made with regard to the particular charge is that it was a relationship with a girl that was under age, but not known until later and that but for age, it would have been consent. [emphasis supplied]
>
> TRIAL JUDGE: It would be, I think difficult for the court not to find that a prior sexual offense is not probative of the charges that are here. Obviously it's prejudicial, but I think when one is charged with a sex offense, its probative value would outweigh any prejudice that would occur. So *the fact that he has a prior conviction* for that, I would think would be an appropriate area of inquiry for the State. So that's something you may want to talk about and assess the risk ... of having it admitted to the jury versus him telling them this event didn't occur. There are pluses and minuses that he needs to think through that. There's obviously negatives associated with that which may be able to be ex-

plained, and if he gets on the stand, I think it's fair game for you to ask him about the conviction, ask him what it was about, and to distill that there is a distinction between what he was charged with versus what he's charged with here. But—and there's advantages for him to be able to tell the jury that these events did not occur, but there's risk obviously. There's risk, so he needs to balance that. [emphasis supplied]

It is apparent defense counsel wished to know, in order to decide whether Dailey would testify, the extent of the risk that he would be confronted on the State's cross with the facts underlying an earlier conviction for unlawful sexual intercourse.[1]

At trial, Vivian Roane, Dailey's mother, testified on Dailey's behalf. She testified that S.D. reported an allegation to her. Roane and Dailey took S.D. to see a doctor to explore S.D.'s statements to Roane. During closing arguments, the prosecutor stated: "[The defense] suggests that nobody ever explored, meaning the State explored this doctor's visit in 2005. Well if Vivian and the defendant are the only ones who know about it...." Defense counsel objected to this statement, and argued that the State, through these remarks, attempted to shift the burden of proof to Dailey.

## DISCUSSION

### I. *Admitting the Complaining Witness's Pretrial Out–of–Court Statement.*

Dailey first contends that the trial judge improperly admitted S.D.'s videotaped statement because her testimony at trial did not establish the requisite founda-

---

1. It is not, however, readily apparent that defense counsel and the trial judge were on the same page. Defense counsel appears concerned about the State offering the underlying facts of the earlier unlawful sexual intercourse third conviction and the trial judge focuses on the conviction alone.

tional elements described in *Keys v. State.*[2] We review admission of an out-of-court statement for abuse of discretion.[3]

The State introduced, and the trial judge admitted, S.D.'s videotaped statement under 11 *Del. C.* § 3507. On appeal, Dailey argues that S.D.'s testimony did not touch upon "the events perceived or heard and the out-of-court statement itself"[4]—a necessary colloquy before admission under our case law. Although the parties contend that 11 *Del. C.* § 3507 applies, we review the admission of this statement under 11 *Del. C.* § 3513,[5] which specifically applies in this case. 11 *Del. C.* § 3513 pertinently provides that:

> An out-of-court statement made by a child victim or witness who is under 11 years of age at the time of the proceeding concerning an act that is a material element of the offense relating to sexual abuse, physical injury, serious physical injury, death, abuse or neglect ... is admissible if ... (b)(1) [t]he child is present and the child's testimony touches upon the event and is subject to cross-examination rendering such prior statement admissible under § 3507 of this title....

At the time of trial, S.D. was 6 years old and first degree rape falls within the enumerated acts listed in § 3513. In order to admit her out-of-court pretrial statement, S.D. must be present and subject to cross-examination, an issue not in dispute, and her testimony must "touch [ ] upon the event."[6] We note that this last requirement arguably differs from § 3507 and *Keys'* foundational requirement that the testimony must "touch *both* on the events

perceived *and* the out-of-court statement itself."[7] We are unsure what to make of the phrase: "rendering such prior statement admissible under § 3507 of this title...." As we interpret the facts in this case, however, the trial judge correctly concluded that the statement would be admissible under § 3507 as well as § 3513 allowing us to avoid the difficulty of parsing § 3513 to determine whether the General Assembly intended to lessen the State's foundational burden for admitting out of court statements by complaining witnesses younger than eleven years old.

Here, S.D.'s testimony did "touch on" the event and she was available for cross-examination, thereby meeting § 3513(b)(1)'s explicitly enumerated requirements. Moreover, the videotape allayed any concern that it was not her statement and enabled the trial judge to asses the voluntariness of the statement and the jury to assess S.D.'s credibility as she made her taped statement. Because the parties and the jury could observe S.D.'s videotaped statement and see and hear her testify to the same events she discussed in part in her live testimony at trial, the concerns are met that in other circumstances require the declarant to touch on the "statement itself." Therefore, we conclude under both 11 *Del. C.* § 3513(b)(1) and 11 *Del. C.* § 3507 that the trial judge properly admitted the videotaped statement.

## II. *The Inconclusive Advisory Opinion on the Facts Underlying an Earlier Conviction.*

■ Second, Dailey argues that the trial judge unconstitutionally chilled the defen-

---

**2.** 337 A.2d 18, 23 (Del.1975).

**3.** *Flonnory v. State,* 893 A.2d 507, 515 (Del. 2006).

**4.** *Keys,* 337 A.2d at 23.

**5.** *Claudio v. State,* 585 A.2d 1278, 1288 (Del. 1991) (affirming defendant's conviction on alternate Constitutional grounds).

**6.** 11 *Del. C.* § 3513(b)(1).

**7.** 337 A.2d at 23 (emphasis added).

dant's exercise of his right to testify by announcing an erroneous advisory opinion about the admissibility of the facts underlying Dailey's earlier conviction. The State argues that for Dailey "[t]o raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify."[8] In *Walker v. State*, we noted that where a defendant does not testify:

> [t]his Court has no testimony to evaluate and 'no way of knowing whether the trial court would have modified its ruling in light of the evidence presented.' In fact, the State might have decided not to use the prior felony convictions to impeach [the defendant] at trial.[9]

We agree that Dailey is not entitled to any relief because he chose not to testify. If Dailey had testified, after his direct testimony, the trial judge would have then ultimately determined, perhaps contrary to the earlier erroneous advisory opinion, whether the State could introduce the facts underlying as well *as the fact of* Dailey's earlier conviction based upon a full presentation to the trial judge from counsel about the probative value and prejudicial effect of introducing that evidence. The trial judge's ill advised response to defense counsel's entreaty opened the door for Dailey's argument. Because, however, Dailey decided not to testify, he effectively removed the issue from contention and cannot now claim the trial judge's preliminary ruling prejudiced him.

### III. *The Prosecutor's Alleged Improper Closing Statement.*

■ Finally, Dailey contends that the prosecutor's statements during closing ar-

guments improperly shifted the burden of proof to Dailey, thus, warranting a curative instruction from the trial judge. As we explained in *Daniels v. State*:

> Not every improper remark, however, requires reversal. Only comments that prejudicially affect the "substantial rights" of the accused compromise the integrity of the verdict and the fairness of the trial. We review a claim of prosecutorial misconduct *de novo* to determine whether the conduct was improper or prejudicial.[10]

■ During summation, a prosecutor may "argue an inference which could be drawn from the evidence."[11] Here, the prosecutor's statement exposed an inconsistency in Roane's testimony in an effort to rebut Dailey's defense. We conclude that the prosecutor's remark was acceptable comment on Dailey's evidence. Therefore, the trial judge did not err by failing to give a curative instruction.

### CONCLUSION

Now, therefore, it is ordered that the judgment of the Superior Court is **AFFIRMED.**

8. *Luce v. United States,* 469 U.S. 38, 43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *Fennell v. State,* 691 A.2d 624 (Del.1997).

9. 790 A.2d 1214, 1218 (Del.2002) (citations omitted).

10. *Daniels v. State,* 859 A.2d 1008, 1011 (Del. 2004) (citations omitted).

11. *Id.*