IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ARTHUR CARTER, | § | |
| | § | No. 212, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1306020689 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 3, 2014
Decided: November 12, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

### O R D E R

This 12th day of November 2014, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1) The defendant-appellant, Arthur Carter, was convicted by a Superior Court jury in January 2014 of Aggravated Menacing, Possession of a Firearm During the Commission of a Felony (PFDCF), and Possession of a Firearm by a Person Prohibited (PFPP). The Superior Court declared Carter to be a habitual offender and sentenced him to a total period of thirty-five years at Level V incarceration to be suspended after serving thirty years for a period of probation. This is Carter's direct appeal.

(2)     Carter's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Carter's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Carter's attorney informed him of the provisions of Rule 26(c) and provided Carter with a copy of the motion to withdraw and the accompanying brief. Carter also was informed of his right to supplement his attorney's presentation.

(3)     In response to his counsel's Rule 26(c) brief, Carter raised three issues for the Court's consideration. First, he contends that the State violated his Sixth Amendment right to confront a witness against him when it failed to call the victim to testify. Carter next asserts that the State's evidence was insufficient to establish his guilt on the charge of PFDCF because there was no gun or shell casing or other physical evidence admitted at trial. Finally, Carter contends that the admission into evidence of his taped interview with the police violated his due process rights because his statement was not knowing and voluntary because he was intoxicated. After the State filed its response to counsel's Rule 26(c) brief, Carter filed an additional argument contending that the State violated *Brady v. Maryland* when it failed to disclose that the victim had written two letters recanting her prior statement to the police. The State has moved to affirm the Superior Court's judgment.

(4) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) The State's evidence at trial fairly established the following version of events. On June 22, 2013, Carter got into an argument with his pregnant girlfriend, Morlicea Capers, at her uncle's home in Edgemoor Gardens. Capers' uncle forcibly pushed Carter out of the residence. Once Carter was outside, he fired a gun into the air and then sped off in a silver car. Both Capers and a child inside the home telephoned 911 during the incident. Tapes of both phone calls were admitted into evidence. The State also admitted a redacted videotaped statement that Carter gave to police on June 27, 2013, the day he was arrested. In the tape, Carter initially says that someone fired a gun but that he did not know who. Later in the videotape, Carter admits that he fired a .45 caliber gun in the air before fleeing the scene.

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

(6) Two neighborhood residents testified at trial that they heard gunshots on the evening of June 22, 2013. One of those witnesses testified that she heard an argument just prior to the sound of a gunshot. Neither neighbor could identify the shooter. One of the police officers who responded to the scene testified that he arrived within minutes after receiving a dispatch reporting a domestic dispute involving a gun. The officer interviewed Capers who stated that she had had a physical altercation with Carter, after which Carter left the residence and then returned with a handgun and fired a shot in the air outside the residence before he fled the scene in a silver car. Capers did not testify at trial. Carter also did not testify at trial. At the close of the State's evidence, counsel moved for acquittal on the charges of Aggravated Menacing and PFDCF because there was no evidence that Capers had actually been in fear of imminent physical injury. The Superior Court denied the motion.

(7) On appeal, Carter first contends that he was denied his constitutional right to confront Capers at trial. While Carter contends that he was denied his right to confront and cross-examine Capers, it appears that Carter's underlying point is that the Superior Court erred in admitting into evidence Capers' out-of-court statements to the police and the tape of the 911 phone calls. We review this claim for abuse of discretion.[2]

---

[2] *Dailey v. State*, 956 A.2d 1191, 1194 (Del. 2008).

4

(8)  In *Dixon v. State*,[3] this Court upheld the admission of a recorded phone call between a 911 operator and a witness to a shooting.  We concluded in that case that the taped phone call fell within the "excited utterance" exception to the hearsay rule under Delaware Rule of Evidence 803(2) and that its admission did not violate the Confrontation Clause of the Sixth Amendment because it was "non-testimonial."[4]  We find the same true in Carter's case.  During the first taped phone call, Carter was still in the residence.  During the second taped phone call, made two minutes after the first, Carter was outside the residence firing a gun.  Both phone calls (i) were precipitated by an exciting event, (ii) were made while the excitement of the event was continuing, and (iii) related to the exciting event.[5]  As the Superior Court found, both phone calls qualified as excited utterances under DRE 803(2).

(9)  Moreover, the admission of the 911 phone calls and Capers' statements to the police did not violate the Sixth Amendment because the statements were non-testimonial.  The statements were admissible because they "made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation [was] to enable police

---

[3] 996 A.2d 1271 (Del. 2010).

[4] *Id.* at 1276-79.

[5] *Id.* at 1276.

assistance to meet an ongoing emergency."[6] Accordingly, there was no violation of Carter's Sixth Amendments rights, and the Superior Court did not abuse its discretion in admitting this evidence at trial.

(10) Next, Carter contends that the evidence was insufficient to support his conviction for PFDCF because the State did not recover a gun or any physical evidence that proved he possessed a firearm. In reviewing a sufficiency of the evidence claim, the Court must determine, after viewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[7] In this case, the evidence at trial reflected that Capers reported to police that Carter engaged in a physical altercation with her inside a residence and then shot a gun in the air after he left the residence. Carter's own statement to police confirmed that he possessed and shot a gun. Moreover, neighbors testified to hearing gun shots. Under the circumstances, the evidence was sufficient to support Carter's conviction for PFDCF.[8]

(11) Carter's third argument is that his videotaped statement was inadmissible because he was intoxicated and did not talk to police voluntarily. Carter did not object to the admission of his statement below; therefore, we review

---

[6] *Id*. at 1278 (*quoting Davis v. Washington*, 547 U.S. 813, 822 (2006)).

[7] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[8] *See Styler v. State*, 417 A.2d 948, 950 (Del. 1980).

6

for plain error.[9] Plain error exists when the error complained of is apparent on the face of the record and is so prejudicial to a defendant's substantial rights as to jeopardize the integrity and fairness of the trial.[10] The burden of persuasion is on the defendant to show prejudice.[11] In this case, Carter's statement to police was admissible whether or not he testified at trial.[12] Moreover, Carter has offered nothing besides his bare assertion to substantiate his contention that he was intoxicated at the time he made his statement. There is nothing in the videotaped statement, which reflects that Carter was calm, rational, and articulate when he spoke to police, to support this belated contention. We thus find no plain error.

(12) Finally, we reject Carter's supplemental argument that the State committed a *Brady* violation when it failed to disclose that Capers had written two letters recanting the statements she made to police following her 911 phone call. In *Brady v. Maryland,* the United States Supreme Court held that the prosecution must disclose to the defense evidence favorable to the defendant.[13] There are three elements to a *Brady* violation: "the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence

---

[9] Del. R. Evid. 103(d).

[10] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[11] *Brown v. State*, 897 A.2d 748, 753 (Del. 2006).

[12] *See* Del. R. Evid. 801(2)(A) (providing that the out-of-court statement of a party opponent is not hearsay).

[13] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

must have been suppressed by the State; and prejudice must have ensued."[14] In this case, contrary to Carter's contention, the State did not suppress disclosure of these letters. The record reflects that Capers wrote her letters and sent them to two different Superior Court judges. Both letters were docketed in Carter's case and are part of the public record. The State committed no *Brady* violation.

(13) This Court has reviewed the record carefully and has concluded that Carter's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Carter's counsel has made a conscientious effort to examine the record and the law and has properly determined that Carter could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[14] *Norman v. State*, 968 A.2d 27, 30 (Del. 2009).

8