# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
           Plaintiff, )
)
)   Cr. ID No. 0607022442
)
SHAWN A. DAILEY, )
)
           Defendant. )
)

Submitted: November 20, 2018
Decided: February 1, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Cari A. Chapman, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Shawn A. Dailey, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

This 1st day of February 2019, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1.    A grand jury indicted Defendant Shawn A. Dailey for five counts of first degree rape. These charges were based on allegations that he raped six-year-old S.D. in late 2005.

2.    Beginning May 15, 2007, a jury trial was held. On May 16, 2007, one of the counts of first degree rape was dismissed by the court.[1] Following the four-day trial, on May 18, 2007, a Superior Court jury found Dailey guilty of three counts of first degree rape and not guilty of the remaining count of first degree rape.

3.    On August 3, 2007, Dailey was sentenced to a total of 45 years of unsuspended Level V incarceration, followed by probation.

3.    Dailey appealed, and the Delaware Supreme Court affirmed his convictions and sentences on September 2, 2008.[2]

4.    On September 2, 2009, Dailey filed, through counsel, his first motion for postconviction relief. On December 30, 2009, Rule 61 counsel sought to withdraw. On January 11, 2010, the court granted Rule 61 counsel's motion

---

[1] May 16, 2007 Trial Transcript, at pgs. 129-134.
[2] *Dailey v. State,* 956 A.2d 1191 (Del. 2008).

1

to withdraw and ordered counsel to write to Dailey and direct Dailey to file an amended Rule 61 petition prior to February 19, 2010, if Dailey desired to proceed with his Rule 61 motion.[3] Dailey was advised that if an amended petition was not received by the February 19, 2010 deadline, the court would summarily dismiss the Rule 61 motion for failure to prosecute. [4]

5. On January 14, 2010, Rule 61 counsel sent a letter to Dailey setting forth the conditions required by the court.[5]

6. Dailey did not file an amended Rule 61 petition by the February 19, 2010 deadline, or for that matter, any time thereafter. By Order dated March 15, 2010, the court ruled that since Dailey failed to file an amended petition, his Rule 61 petition was deemed abandoned. As a result, the court summarily dismissed the petition.[6]

## DAILEY'S SUBJECT RULE 61 MOTION

7. On August 13, 2018, Dailey filed the subject Rule 61 motion.

8. On November 20, 2018, the motion was assigned to the undersigned Commissioner.

---

[3] Superior Court Docket No. 35.
[4] See, Superior Court Docket No. 36.
[5] See, Superior Court Docket No. 36.
[6] Superior Court Docket No. 36.

9.     Dailey must first satisfy the pleading requirements before he is entitled to proceed with this motion. Dailey filed the subject Rule 61 motion in 2018, and it is the Rule 61 in effect at the time of the filing of this motion that is applicable.[7]

10.     The applicable Rule 61 mandates that in second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that *new* evidence exists that creates a strong inference that the defendant is actually innocent of the charges for which he was convicted, or 2) the existence of a *new* rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[8] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[9]

11.     Dailey's subject Rule 61 motion should be summarily dismissed. This is Dailey's second Rule 61 motion. He filed, and thereafter, abandoned his first Rule 61 motion in 2010. Now, over eight years later, Dailey has filed the subject Rule 61 motion – his second motion. Dailey has not pled with particularity that any *new* evidence exists that creates a strong inference that

---

[7] See, *Bunting v. State,* 2015 WL 2147188, ftnt. 7 (Del.).
[8] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i) (effective June 4, 2014).
[9] Super.Ct.Crim.R. 61(d)(5).

he is actually innocent of the charges for which he was convicted nor that there is a *new* rule of law that would render his conviction invalid.

12. In fact, Dailey does not raise anything new or recently discovered. Dailey's claims stem from facts known to him at the time of his trial and sentencing in 2007. In the subject motion, Dailey complains of ineffective assistance of counsel during the pre-trial stage of the proceeding, prosecutorial misconduct prior to trial, and an improper sentence.

13. In his prior Rule 61 motion, Dailey raised the claim of ineffective assistance of counsel during the pre-trial stage of the proceeding. In his direct appeal, Dailey raised a claim of prosecutorial misconduct. As to Dailey's direct appeal, the Delaware Supreme Court already held that Dailey's claims raised therein were without merit. As to Dailey's claims raised in his first Rule 61 motion, Dailey elected to abandon his claims and waive his right to proceed with the motion. Dailey having decided not to proceed with his first timely-filed Rule 61 motion, cannot eight years later, in 2018, attempt to re-raise, and/or raise additional issues that he knew of, and could have raised, in his first Rule 61 motion but did not.

4

14. Dailey has failed to meet the pleading requirements allowing him to proceed with this Rule 61 motion. In accordance with the mandates of Rule 61, Dailey's Rule 61 motion should be summarily dismissed.[10]

15. Dailey's motion also falls short of other procedural requirements that must be met in order to proceed with the merits of his claims. If a procedural bar exists, then the claim is barred and the court should not consider the merits of the claim.[11]

16. Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[12] (2) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional circumstances (ie. discovery of *new* evidence or *new* rule of constitutional law) warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is

---

[10] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i).
[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[12] Super.Ct.Crim.R. 61(i)(1).

actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[13]

17. In the subject action, Dailey's motion is time-barred.[14] In order to be timely filed, a Rule 61 motion must be filed within one year of a final order of conviction.[15] In this case, the final order of conviction was in 2008,[16] and this motion was filed in July 2018, about 10 years later. This motion was filed well outside the applicable one year limit. Dailey's claims, at this late date, are time-barred.

18. As previously discussed, Rule 61(i)(2) further precludes this court's consideration of Dailey's motion since Dailey has not satisfied the pleading requirements for proceeding with this motion. Dailey has not established that *new* evidence exists creating a strong inference of Dailey's actual innocence or the existence of a *new* rule of constitutional law made retroactive to this case that would render his conviction invalid.

19. Rule 61(i)(3) also prevents this court from considering any claim raised by Dailey at this late date that had not previously been raised. Dailey was aware of, had time to, and the opportunity to raise the claims presented herein

---

[13] Super.Ct.Crim.R. 61 (effective June 4, 2014).
[14] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[15] Super.Ct.Crim.R. 61(i)(1).
[16] Super.Ct.Crim.R. 61(m)(2).

6

in a timely filed motion. Dailey's claims raised in the subject motion stem from facts known to him at the time of trial and sentencing in 2007. He does not raise anything new or recently discovered.

20.     Rule 61(i)(4) also precludes Dailey's claims raised herein to the extent that those claims were raised and adjudicated on direct appeal or in Dailey's first timely-filed Rule 61 motion. Dailey's claims which have already been raised, and were either resolved or abandoned, cannot now be re-stated, refined and re-raised in order to again seek review.[17]

21.     Dailey has not established any prejudice to his rights and/or cause for relief. Dailey had time and opportunity to raise any issue raised herein in on direct appeal and/or in a timely filed postconviction motion. There is no just reason for Dailey's over decade delay in doing so. Having been provided with a full and fair opportunity to present any issue desired to be raised in a timely filed motion, any attempt at this late juncture to raise, re-raise or re-couch a claim is procedurally barred.

22.     Dailey has failed to meet the pleading requirements for proceeding with the subject motion and, therefore, this motion should be summarily

---

[17] *Johnson v. State*, 1992 WL 183069, at *1 (Del.); *Duhadaway v. State*, 877 A.2d 52 (Del. 2005).

dismissed. Dailey's motion is also time-barred and otherwise procedurally barred.

For all of the foregoing reasons, Dailey's Motion for Postconviction Relief should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Lynne M. Parker

cc:    Prothonotary
David J. Facciolo, Esquire