**Eric RUSSELL, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 688, 2009.**

Supreme Court of Delaware.

Submitted: Sept. 8, 2010.

Decided: Sept. 27, 2010.

Corrected: Sept. 29, 2010.

**25.** *Id.* at 922.

Santino Ceccotti (argued) and Nicole M. Walker, Office of the Public Defender, Wilmington, Delaware for appellant.

Timothy J. Donovan, Jr., Department of Justice, Wilmington, Delaware for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the court en banc.

STEELE, Chief Justice:

The State charged Eric Russell with several serious sexual offenses against his girlfriend's four year old daughter. At trial, the judge allowed into evidence a pretrial out of court statement the girl made to her mother and a videotaped interview with the girl. The jury convicted Russell. On appeal, Russell disputes the admissibility of the statements. Because Russell never fairly presented his appellate argument at trial, we cannot consider it and must **AFFIRM**.

## I. FACTS AND PROCEDURAL HISTORY

In January 2008, Eric Russell lived in a house with his girlfriend Josephine Sullivan,[1] her four-year-old daughter Dawn, their infant daughter Erica, another mother and her two sons, and the owner of the home, Joe Brown. Russell shared a bedroom with Sullivan and her daughters. According to Sullivan, on January 15, 2008 Dawn told Sullivan that the night before, while Sullivan was at work, Russell had put a "nasty movie" on television, played with his privates in front of her, and asked her to put her mouth on his penis and "suck it."

Upon hearing this, Sullivan confronted Russell. Russell fled the house and Sullivan called the police. One week later, Ralph Richardson[2] of the Child Advocacy Center (CAC) videotaped his interview with four-year-old Dawn, during which Dawn discussed Russell's conduct. During this interview, Dawn said that Russell had put on a "nasty movie," exposed himself to her, touched her cheek with his penis, put his penis in her mouth, and pulled down her pants and touched her butt.

The police finally found and arrested Russell on January 17, 2009. They charged him with First Degree Rape, Endangering the Welfare of a Child, Offensive Touching, First Degree Indecent Exposure, and two counts of First Degree Unlawful Sexual Contact.

At trial in September 2009, Dawn, then six years old, testified as a prosecution witness. During direct examination, she acknowledged being in court because of what Russell did to her. When the prosecutor then questioned her about what Rus-

sell did to her, Dawn first explained that Russell had been watching a "bad movie" with Joe Brown in the living room and that the movie showed people "humping." She also said that Russell was making "a humping sound" and that he told her "you will learn this when you grow up."

Then Dawn explained that both she and Russell went to the bedroom. She testified that in the bedroom, while they were both on the bed, Russell touched her leg with his penis. When the prosecutor asked Dawn whether she had told anyone about this, Dawn replied that she had told her mother. She also said that nobody had made her tell her mother, and she confirmed that she had told her mother the truth. The prosecutor then asked Dawn, "[C]an you tell us what you talked to your mom about?" Dawn replied, "The same thing."

At that point, the prosecutor requested a sidebar conference with the judge and Russell's attorney in order to confirm that Dawn's testimony constituted a sufficient foundation under 11 *Del. C.* § 3507 to allow Sullivan to testify about what Dawn had told her on January 15, 2008. Russell's attorney objected, arguing that Dawn's testimony provided an insufficient foundation. Counsel acknowledged that Dawn had "touched" on her statement and the underlying events, but argued that Dawn's testimony had not established that she made the statement voluntarily. The prosecutor countered that she had asked Dawn if anyone had made Dawn speak to her mom and that Dawn had said no. The judge then ruled that the testimony was sufficient under § 3507 to permit Sullivan to testify about Dawn's January 15 statement to her.

---

1. A pseudonym assigned by this Court pursuant to Rule 7(d).

2. In her trial testimony, Dawn referred to Ralph Richardson as "Mr. Buster," his nickname. For the sake of clarity, we will refer to Mr. Richardson as Buster.

The prosecutor continued her direct examination. Later in her testimony, Dawn recalled talking to Buster, and specifically said that she had answered Buster's questions and had told him the truth. Dawn also said that nobody had forced her to talk to Buster. When asked what she spoke with Buster about, however, Dawn testified that she could not remember. She confirmed that Buster had shown her pictures of boys and girls without clothes on, but reiterated that she did not remember what they had talked about.

The prosecutor requested another sidebar conference with the judge and defense attorney. This time, she offered the CAC videotape under the "tender years exception" of 11 *Del. C.* § 3513(b)(1). Russell's attorney did not object at that time. The judge took the matter under advisement and promised to decide the next day.

The following day, the judge met with the prosecutor and Russell's attorney in his chambers. During this meeting, the judge asked Russell's attorney to persuade him why he should not admit the CAC videotape into evidence under § 3513(b)(1). First, Russell's attorney argued that Dawn's testimony did not touch upon any alleged intercourse, which was the material event underlying the rape charge. Second, Russell's attorney argued that § 3513(b)(1) requires that the child-witness be unavailable. He argued that if the child-witness is available, then the court should analyze admissibility under § 3507 only, without regard to § 3513(b)(1) at all. Consequently, Dawn's testimony would

have had to touch on both the underlying event and the statement itself to be admissible, and in this case, counsel argued, it did not touch on the statement. Finally, Russell's attorney argued that the prosecutor failed to give him the requisite notice of her intention to offer the CAC videotape into evidence under § 3513(b)(1).

After hearing from both sides, the judge decided that the prosecution could introduce the CAC videotape into evidence under § 3513(b)(1) and show it to the jury.

The jury convicted Russell of all charges on September 29, 2009. On November 20, 2009, the judge sentenced Russell to life plus 32 years and 60 days in prison. Russell now appeals the trial judge's decision to admit Dawn's out of court statement to her mother and Dawn's videotaped CAC interview into evidence.

## II. STANDARD OF REVIEW

■ We review the admission of a pretrial out of court statement for abuse of discretion.[3]

## ANALYSIS

A. *11 Del. C. § 3507 and 11 Del. C. § 3513(b)(1) both require a party to establish an adequate foundation before a pretrial out of court statement of a trial witness can be admitted into evidence.*

■ To successfully move an out of court statement into evidence under 11 *Del. C.* § 3507,[4] the moving party must

---

**3.** *Dailey v. State,* 956 A.2d 1191, 1194 (Del. 2008).

**4.** 11 *Del. C.* § 3507. Use of prior statements as affirmative evidence.

(a) In a criminal prosecution, the voluntary out of court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value.

(b) The rule in subsection (a) of this section shall apply regardless of whether the witness' in-court testimony is consistent with the prior statement or not. The rule shall likewise apply with or without a showing of surprise by the introducing party.

first produce the witness in court and directly examine the witness.[5] During her direct testimony, the witness must "touch on" both the events perceived in her out of court statement and her out of court statement itself.[6] If her testimony sufficiently "touches on" both of these requirements, and if the moving party establishes that the out of court statement was voluntary,[7] then the witness's out of court statement becomes admissible, whether or not the substance of her trial testimony and her out of court statement are entirely consistent.[8]

To successfully move an out of court statement into evidence under 11 *Del. C.* § 3513(b)(1),[9] the moving party must likewise establish a sufficient foundational basis for the out of court statement. The specific contours of the required § 3513(b)(1) foundation, however, are somewhat unclear.[10] At the least, § 3513(b)(1) requires that a witness be available for cross-examination and that her direct testimony "touch on" the event that is the subject of her out of court statement.[11] In *Dailey v. State*, this Court acknowledged without deciding that § 3513(b)(1) may have additional foundational requirements.[12] In *Dailey*, because the statement at issue was admissible under § 3507, this Court declined to examine the specific § 3513(b)(1) foundational requirements.[13]

In this case, we must also decline to examine the possible § 3513(b)(1) foundational requirements, in addition to a witness being available for cross-examination and giving direct testimony "touching on" the event in that witness's out of court statement. Because Russell did not fairly present his appellate argument to the trial judge for consideration, we may not consider that argument for the first time on appeal.

(c) This section shall not be construed to affect the rules concerning the admission of statements of defendants or of those who are codefendants in the same trial. This section shall also not apply to the statements of those whom to cross-examine would be to subject to possible self-incrimination.

5. *Woodlin v. State,* 2010 WL 2873881, at *3 (Del. July 22, 2010); *Keys v. State,* 337 A.2d 18, 23 (Del.1975).

6. *Woodlin,* 2010 WL 2873881, at *3.

7. *Id.* at *4 (citing *Hatcher v. State,* 337 A.2d 30, 32 (Del.1975)).

8. *Demby v. State,* 695 A.2d 1152, 1161 (Del. 1997).

9. 11 *Del. C.* § 3513(b)(1). Hearsay exception for child victim's or witness's out of court statement of abuse.

. . .

(b) An out of court statement may be admitted as provided in subsection (a) of this section if:

(1) The child is present and the child's testimony touches upon the event and is subject to cross-examination rendering such prior statement admissible under § 3507 of this title; or

. . .

10. *See Dailey v. State,* 956 A.2d 1191, 1194 (Del.2008) ("We note that this last requirement arguably differs from § 3507 and *Keys'* foundational requirement. . . . We are unsure what to make of the phrase: 'rendering such prior statement admissible under § 3507 of this title. . . .' ").

11. *Id.*

12. *See id.* (explaining that because the statement in that case was admissible under § 3507, the court could "avoid the difficulty of parsing § 3513 to determine whether the General Assembly intended to lessen the State's foundational burden for admitting out of court statements by complaining witnesses younger than eleven years old.").

13. *Id.*

**B.** *Generally, a party may not raise an argument on appeal that it did not fairly present to the trial court for consideration.*

Under Supreme Court Rule 8 and general appellate practice, this Court may not consider questions on appeal unless they were first fairly presented to the trial court for consideration.[14] This prohibition applies to both specific objections as well as the arguments that support those objections.[15]

A very narrow exception to Rule 8, embedded in its own text, permits this Court to consider a question for the first time on appeal "when the interests of justice so require."[16] This exception is extremely limited and invokes the plain error standard of review.[17]

■ As a general matter, if the error about which an appellant complains is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process," then we may consider that appellant's argument even though he did not fairly present the argument to the trial court for decision.[18] The only errors that satisfy this threshold are those which amount to "material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[19] Otherwise, under Rule 8, we cannot consider an appellant's argument unless he fairly raised it at trial.

**C.** *Russell did not fairly present his appellate argument opposing the admissibility of the out of court statements to the trial judge and we cannot consider it for the first time on appeal.*

■ At trial, Russell's attorney objected to the prosecutor's request that she be allowed to introduce Dawn's statement to her mother into evidence under § 3507 on foundational grounds. In support of this objection, he argued only that Dawn had not testified that her statement to her mother was voluntary.[20]

Later, when the trial judge asked Russell's attorney to explain his arguments opposing the § 3513(b)(1) admission of the CAC videotape, Russell's attorney made three primary arguments. First, he argued that Dawn's testimony did not touch upon any alleged intercourse, which was the material event underlying the rape charge.[21] Second, he argued that § 3513(b)(1) requires the child-witness to be unavailable. He argued that if the

---

14. Del. Sup.Ct. R. 8; *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986).

15. *See, e.g., Riedel v. ICI Americas Inc.*, 968 A.2d 17, 25 (Del.2009) (denying review because Riedel presented a different theory to support her objection to the trial court than she presented on appeal); *Shockley v. State*, 2007 WL 2229022, at *1 (Del. Aug. 2, 2007) (denying review of a particular argument in support of Shockley's motion for modification of his sentence because he never submitted it to the trial court for decision); *Moody v. State*, 2006 WL 2661142, at *2 (Del. Aug. 24, 2006) (denying review of Moody's "attempt[ ] to reframe his argument" because he never presented his appellate argument to the trial court); *Wainwright*, 504 A.2d at 1100 ("Failure to make an objection at trial constitutes a waiver of the defendant's right to raise that issue on appeal, unless the error is plain.").

16. Del. Sup.Ct. R. 8.

17. *Wainwright*, 504 A.2d at 1100.

18. *Id.*

19. *Id.*

20. App. to Op. Br. at A25:4–7.

21. App. to Op. Br. at A40:7–18.

child-witness is available, then the court should look only to § 3507 and pay no heed to § 3513(b)(1) at all. Consequently, Dawn's testimony would have had to touch on both the underlying event and the CAC interview itself to be admissible. In this case, counsel argued, Dawn's testimony did not touch on the interview.[22] Finally, counsel argued that the prosecutor failed to give him the requisite notice of her intention to offer the CAC videotape into evidence under § 3513(b)(1).[23]

In his opening brief on appeal and at oral argument, Russell argues that Dawn's trial testimony identified a series of events that occurred on several different days, without differentiating among those that were the subject of the out of court statements at issue and those that were not.[24] He claims that as a result, the trial judge should not have admitted the statements into evidence. This argument differs from the argument made at trial opposing the admissibility of Dawn's statement to her mother under § 3507. It is also different from all three arguments advanced at trial opposing the admissibility of Dawn's CAC interview under § 3513(b)(1). Whether this argument might be or have been per-

suasive or whether it articulates a proper basis for denying the admissibility of the out of court statements are not questions that we may consider, under Rule 8, because Russell never fairly presented the argument at trial.

## III. CONCLUSION

After examining the record, including the transcript of Dawn's trial testimony, we cannot conclude that the trial judge's decision to admit the out of court statements was a "material defect[ ] . . . apparent on the face of the record,"[25] rising to the level of plain error. Therefore, we cannot consider Russell's argument on appeal because he never fairly presented it to the trial judge and has not met the very narrow plain error exception to Rule 8.

For these reasons, we affirm the judgment of the Superior Court.

---

**22.** *Id.* at A40:19–A42:14.

**23.** *Id.* at A42:15–A43:7.

**24.** *See, e.g.,* Op. Br. at 10 ("In her statement, Dawn relayed, in a disjointed fashion, a series of events that occurred on two or more different days.").

**25.** *Wainwright,* 504 A.2d at 1100.