IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC D. RUSSELL, | § | |
| | § | |
| Defendant Below, | § | No. 615, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0801028059 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 12, 2016
Decided: March 4, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## <u>ORDER</u>

This 4th day of March 2016, upon consideration of the appellant's opening brief, motion to remand, and motion for seal, the appellee's motion to affirm and responses to the appellant's motions, and the record below, it appears to the Court that:

(1)    In 2009, a Superior Court jury convicted the appellant, Eric D. Russell, of one count each of Rape in the First Degree, Indecent Exposure, Offensive Touching, and Endangering the Welfare of a Child, and two counts of Unlawful Sexual Contact in the First Degree.  Russell was sentenced to life in

prison, plus more than thirty years of Level V incarceration. This Court affirmed the Superior Court's judgment on direct appeal.[1]

(2) On October 20, 2015, Russell filed his fourth motion for postconviction relief under Superior Court Criminal Rule 61. Russell claimed that his trial counsel was ineffective for failing to investigate before trial the testimony of the only defense witness who testified at trial. The Superior Court concluded that the motion was procedurally barred under Rule 61(i) and summarily dismissed the motion. This appeal followed.

(3) In his opening brief, Russell raises the claim asserted in his fourth motion for postconviction relief as well as additional claims of ineffective assistance of counsel and a claim that his constitutional right to act as co-counsel was violated. Russell did not raise these claims below and we will not consider them for the first time on appeal.[2] As to the ineffective assistance of counsel claim raised in Russell's fourth motion for postconviction relief, we review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3] The procedural requirements of Rule 61 must be considered before any substantive issues are addressed.[4]

---

[1] *Russell v. State*, 5 A.3d 622 (Del. 2010).
[2] *See* Supr. Ct. R. 8.
[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

2

(4)     As to the claims that he did not waive by failing to present them fairly below, Russell has not overcome the procedural hurdles of Rule 61.  Effective June 4, 2014, Rule 61 provided that a second or later motion for postconviction relief would be summarily dismissed unless the movant was convicted after trial and pled with particularity either: (i) a claim that new evidence existed that created a strong inference that he was actually innocent; or (ii) a new rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[5]  This was Russell's fourth motion for postconviction relief.  Russell did not plead with particularity a claim under either Rule 61(d)(2)(i) or Rule 61(d)(2)(ii).  Thus, the Superior Court did not err in denying Russell's fourth motion for postconviction relief.

(5)     Russell has also filed a motion to remand and to stay the proceedings pending what he claims to be an "unexhausted Due Process 14th amendment claim under *Banks v. Horn* 126 F.3d 206."[6]  Russell does not offer any details concerning this claim or why it would not be subject to summary dismissal under Rule 61(d)(2).  In fact, he admits this claim was not fairly presented[7] to the Superior Court.  Because the nature of the supposed claim is entirely unexplained and it was

---

[5] Super. Ct. R. 61(d)(2).

[6] Motion for Remand at 1; *see also Banks v. Horn*, 126 F.3d 206, 214 (3d Cir. 1997) (holding district court erred in concluding that state review of inmate's unexhausted claims was foreclosed in death penalty case and remanding to district court to dismiss inmate's habeas corpus petition without prejudice).

[7] Supr. Ct. R. 8.

3

never fairly presented below, it provides no basis for a remand and Russell has shown no reason why if this claim was never pled, it is not procedurally barred.

(6) Finally, Russell filed a motion to seal his letters to his trial counsel. Russell does not identify the letters he seeks to have sealed or explain the basis for sealing any such letters in the record. This motion is denied.

(7) We have now concluded for a fourth time that the Superior Court properly denied Russell's motion for postconviction relief under Rule 61.[8] We will not continue to invest scarce judicial resources to address untimely and repetitive claims. In the future, if Russell files a notice of appeal or a petition for an extraordinary writ concerning his 2009 convictions, the Clerk is directed to refuse the filing unless it is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications under 10 *Del. C.* § 8803(e), and that motion is granted by the Court.[9] Russell should also be mindful of Rule 61(j).[10]

---

[8] *Russell v. State*, 2014 WL 5479314 (Del. Oct. 28, 2014); *Russell v. State*, 2012 WL 3961195 (Del. July 30, 2013); *Russell v. State*, 2012 WL 5417068 (Del. Nov. 5, 2012).
[9] 10 *Del. C.* § 8803(e) provides:

> When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:
>
> (1) The claims sought to be litigated have never been raised or disposed of before in any court;
>
> (2) The facts alleged are true and correct;

4

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. The motion for remand and the motion for seal are DENIED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;

(4) The affiant has no reason to believe the claims are foreclosed by controlled law; and

(5) The affiant understands that the affidavit is made under penalty of perjury.

[10] Super. Ct. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").