IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EVERETT E. SMITH, | § | |
| | § | |
| Defendant Below- | § | No. 186, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1211004907 (N) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 1, 2017
Decided: October 23, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

This 23rd day of October 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Everett Smith, filed this appeal from a Superior Court order dated March 30, 2017, which denied Smith's "Motion to Restructure." The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that the appeal is without merit. We agree and affirm.

(2)    A Superior Court jury convicted Smith in 2013 of Attempted Robbery in the Second Degree and Criminal Mischief. The Superior Court sentenced Smith as a habitual offender to a total period of seven years and thirty days at Level V

incarceration to be suspended after serving seven years in prison for a period probation. This Court affirmed Smith's convictions and sentence on direct appeal.[1]

(3) Smith filed a timely first motion for postconviction relief under Superior Court Criminal Rule 61 in July 2015. Thereafter, he filed a request for counsel and an amended Rule 61 motion. The Superior Court appointed counsel to represent Smith. On February 3, 2017, Smith's appointed counsel filed a motion to withdraw from further representation under Rule 61(e)(7), finding no ground for relief that counsel could advocate ethically on Smith's behalf. On February 13, 2017, Smith filed a response in opposition to appointed counsel's contention that Smith's case presented no grounds for relief.

(4) On March 13, 2017, Smith filed a "Motion to Restructure." In the first sentence of his motion, Smith stated that wanted to withdraw his Rule 61 motion. He requested instead that the Superior Court restructure his sentence to release him from Level V upon completion of his minimum mandatory five-year term and allow him to receive twenty-two months of mental health treatment either within the prison or at the Delaware Psychiatric Center ("DPC").

(5) On March 30, 2017, the Superior Court, in a letter order, acknowledged Smith's withdrawal of his Rule 61 motion and, thus, granted his appointed counsel's motion to withdraw. But, the Superior Court denied Smith's motion to restructure

---

[1] *Smith v. State*, 2015 WL 504817 (Del. Feb. 4, 2015).

2

his sentence because his request to be relocated internally within the Department of Correction's facilities was not within the Superior Court's discretion to order and because Smith's alternative request to be transferred to DPC was not supported by any information from the Department of Health and Social Services as required by 11 *Del. C.* § 406. This appeal followed.

(6) In his opening brief on appeal, Smith's sole argument is that the Superior Court erred in denying his motion for postconviction relief because his trial counsel was ineffective for failing to present mitigating evidence that would have resulted in a different sentence. But, the Superior Court did not deny Smith's Rule 61 motion. Smith withdrew it. Thus, the sole issue that Smith raises on appeal was not fairly presented to the Superior Court in the first instance. In the absence of plain error, which we do not find, this Court will not consider any issue on appeal that was not fairly raised and considered by the trial court.[2]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] *Russell v. State*, 5 A.3d 622, 628 (Del. 2010).

3