IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EVERETT E. SMITH, | § | |
| | § | |
| Defendant Below-Appellant, | § | No. 202, 2018 |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1211004907(N) |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: October 5, 2018
Decided: November 20, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Everett Smith, filed this appeal from the Superior Court's order dated March 28, 2018, denying his refiled first motion for postconviction relief under Superior Court Criminal Rule 61. We find no merit to Smith's appeal. Accordingly, we affirm the Superior Court's judgment.

(2) Smith was indicted in December 2012 on criminal charges arising from the robbery of a pizza restaurant. In March 2013, before his scheduled trial, the Superior Court granted defense counsel's request to have

Smith evaluated to determine his competency to stand trial. Upon receipt of the report, which was then sealed by court order, a Superior Court Commissioner provided the parties with the report and gave them ten days to file a motion for a competency hearing, if a hearing was deemed to be necessary. No motion was filed. Thereafter, a Superior Court jury convicted Smith in September 2013 of Attempted Robbery in the Second Degree and Criminal Mischief. The Superior Court ordered a presentence investigation.

(3) Before sentencing, Smith's counsel requested an updated psycho-forensic evaluation to determine Smith's competency to be sentenced. After receiving the report, which could offer no opinion because of Smith's refusal to participate in the evaluation, the Superior Court sentenced Smith as a habitual offender to a total period of seven years and thirty days at Level V incarceration to be suspended after serving seven years in prison for a period of probation. In sentencing Smith, the Superior Court specifically considered Smith's significant mental health issues to be a mitigating factor and noted that it was factoring Smith's mental health needs into the structure of the sentence. This Court affirmed Smith's convictions and sentence on direct appeal.[1]

---

[1] *Smith v. State*, 2015 WL 504817 (Del. Feb. 4, 2015).

(4)     Smith filed a timely first motion for postconviction relief under Superior Court Criminal Rule 61 in July 2015.  Thereafter, he filed a request for counsel and an amended Rule 61 motion.  The Superior Court appointed counsel to represent Smith.  On February 3, 2017, Smith's appointed counsel filed a motion to withdraw from further representation under Rule 61(e)(7), finding no ground for relief that counsel could advocate ethically on Smith's behalf.  On February 13, 2017, Smith filed a response in opposition to appointed counsel's contention that Smith's case presented no grounds for relief.

(5)     On March 13, 2017, Smith filed a "Motion to Restructure."  In the first sentence of his motion, Smith stated that wanted to withdraw his Rule 61 motion.  He requested instead that the Superior Court restructure his sentence to release him from Level V upon completion of his minimum mandatory five-year term and allow him to receive twenty-two months of mental health treatment either within the prison or at the Delaware Psychiatric Center ("DPC").

(6)     On March 30, 2017, the Superior Court, in a letter order, acknowledged Smith's withdrawal of his Rule 61 motion and, thus, granted his appointed counsel's motion to withdraw.  But, the Superior Court denied Smith's motion to restructure his sentence because his request to be relocated

internally within the Department of Correction's facilities was not within the Superior Court's discretion to order and because Smith's alternative request to be transferred to DPC was not supported by any information from the Department of Health and Social Services as required by 11 *Del. C.* § 406. We affirmed that decision on appeal.[2]

(7) Thereafter, Smith refiled his "first" postconviction motion. Notwithstanding the withdrawal of Smith's actual first postconviction motion in March 2017, the Superior Court considered his refiled motion as a timely, first postconviction motion and considered the merits of Smith's claims. In his motion, Smith argued that his trial counsel was ineffective because counsel: (i) failed to file a motion to have the court open the results of DPC's pre-trial competency evaluation; (ii) failed to file to a motion to have the court open the results of DPC's pre-sentencing competency evaluation; and (iii) failed to file a pretrial motion for a competency hearing. The Superior Court rejected all three claims on the merits.

(8) In his opening brief on appeal, Smith's sole argument is that the Superior Court erred in denying his motion for postconviction relief because his trial counsel was ineffective for failing to seek an independent psychological examination before sentencing, thus presenting mitigating

---

[2] *Smith v. State*, 2017 WL 4786753 (Del. Oct. 23, 2017).

4

evidence that would have resulted in a different sentence. This issue, however, was not fairly presented to the Superior Court in his refiled postconviction motion.[3] In the absence of plain error, this Court will not consider any issue on appeal that was not fairly raised and considered by the trial court.[4] Plain error exists when the error complained of is apparent on the face of the record and is so prejudicial to a defendant's substantial rights as to jeopardize the integrity and fairness of the proceeding.[5] The burden of persuasion is on the defendant to show prejudice.[6]

(9) We find no plain error in this case. The record reflects that defense counsel sought an updated psycho-forensic examination of Smith before sentencing to determine his competency to be sentenced. DPC professionals could not issue an opinion on Smith's competency to be sentenced, however, because Smith refused to participate in the examination. Thus, we conclude that counsel committed no error in failing to request another mental health examination. Moreover, the Superior Court had the presentence investigation report and DPC's April 2013 pretrial evaluation of Smith to review before sentencing. The Superior Court considered Smith's

---

[3] *See* Del. Supr. Ct. R. 8 (providing that the Court will only consider on appeal those issues that were fairly presented to the trial court, unless the interests of justice require otherwise).
[4] *Russell v. State*, 5 A.3d 622, 627 (Del. 2010).
[5] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[6] *Brown v. State*, 897 A.2d 748, 753 (Del. 2006).

5

significant mental health issues and his history of trauma as mitigating factors at sentencing. Under these circumstances, Smith cannot establish that an additional mental health examination would have resulted in a different outcome.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice