IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANSARA M. BROWN, | § | |
| | § | No. 204, 2018 |
| Defendant Below-Appellant, | § | |
| | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID K1205025968A |
| Plaintiff Below-Appellee. | § | |
| | § | |

Submitted: October 8, 2018
Decided: November 26, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The defendant-appellant, Ansara Brown, filed this appeal from the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). We find no merit to Brown's appeal. Accordingly, we affirm the Superior Court's judgment.

(2) Brown was arrested as a part of an extensive undercover police investigation into a drug trafficking ring in the Dover area operated by Galen

Brooks.[1]  Officers had a wiretap on Brooks' cell phones and, on May 31, 2012, they overheard Brooks talking to someone at 5:35 p.m., who told Brooks that he would arrive at Brooks' house in seven minutes to buy cocaine.  Officers conducting surveillance on Brooks' house saw a man, later identified as Brown, and a woman arrive at Brooks' house about sixteen minutes later.  After Brown and his companion drove away, the officers followed them for a few miles before pulling them over on the pretext of a registration problem.  When Brown stepped out of his car, he was arrested and patted down.  Police found several bags of drugs, which field tested positive as cocaine.  At the station, police also found a bag of marijuana and brass knuckles in Brown's pocket.  Brown admitted to police that he had an ounce of cocaine and that he had intended to sell it.  After his initial release from custody, Brown later was recorded on the wiretap telling Brooks about his arrest and assuring Brooks that he would not "fall short."

(3)     Brown was indicted on one count each of Racketeering, Drug Dealing, Aggravated Possession of a Controlled Substance, Carrying a Concealed Deadly Weapon, Possession of a Deadly Weapon during the Commission of a Felony, Possession of a Deadly Weapon by a Person

---

[1] For a more detailed recitation of the evidence presented at Brown's trial, see this Court's opinion on his direct appeal.  *Brown v. State*, 117 A.3d 568 (Del. 2015).

Prohibited ("PDWPP"), Conspiracy in the Second Degree, Criminal Solicitation in the Second Degree, and Possession of Marijuana. Before trial, Brown's counsel filed a motion to suppress evidence obtained during the traffic stop, a motion to suppress evidence obtained from the wiretap, a motion to sever Brown's case from his codefendants, and a motion to sever his charge of PDWPP. The Superior Court held a hearing on the motions on April 5, 2013 and granted both of Brown's motions to sever. The Superior Court reserved decision on the motions to suppress and later denied them on July 30, 2013.

(4) Brown's case went to trial in September 2013. After jury selection, the State dismissed the Racketeering charge. The jury convicted Brown of the remaining charges. The State later dismissed the severed charge of PDWPP. At sentencing, the Superior Court merged the counts of Criminal Solicitation and Conspiracy in the Second Degree. The Superior Court declared Brown to be a habitual offender and sentenced him to life imprisonment plus a total period of twenty-nine years and six months at Level V incarceration, to be suspended after serving twenty-seven years in prison for a period of probation. Brown appealed.

(5) While the case was on appeal, the State learned that an employee with the Office of the Chief Medical Examiner ("OCME"), who had been

3

suspended because of allegations of improprieties related to his handling of evidence, was in the chain of custody for the drug evidence in Brown's case. This Court remanded Brown's case to permit him to file a motion for a new trial in the Superior Court. On remand, the Superior Court denied Brown's motion for a new trial.[2] After the case was returned from remand, this Court found no merit to Brown's direct appeal and found no error in the Superior Court's denial of Brown's new trial motion. Specifically, we concluded that the Superior Court did not err in admitting evidence obtained as a result of the traffic stop or the wiretap or in admitting the drug evidence over Brown's chain of custody objection.[3] We also found no error in the Superior Court's conclusion that evidence of misconduct by OCME employees would not have changed the result of Brown's trial, given the overwhelming evidence against him. Thus, a new trial was not warranted.[4]

(6)    In September 2015, Brown filed his first timely motion for postconviction relief. The Superior Court appointed counsel to represent him. Thereafter, Brown's appointed postconviction counsel filed a motion to withdraw from further representation under Rule 61(e)(7), finding no ground for relief that counsel could advocate ethically on Brown's behalf. Brown

---

[2] On remand, the Superior Court also voided Brown's Aggravated Possession conviction.
[3] *Brown v. State*, 117 A.2d at 578-80.
[4] *Id*. at 581.

filed a *pro se* memorandum in support of his motion, raising three claims: (i) illegal search and seizure; (ii) "freestanding" innocence (based on misconduct at the OCME's office); and (iii) ineffective assistance of counsel during the pretrial and suppression stages.[5] The Superior Court referred the matter to a Commissioner in the first instance. The Commissioner issued a report on February 2, 2018, recommending that Brown's Rule 61 motion be denied. Brown filed objections to the report. On April 6, 2018, the Superior Court adopted the Commissioner's report and recommendation and denied Brown's Rule 61 motion. This appeal followed.

(7) Brown enumerates three issues in his opening brief on appeal. First, he contends that "his Sixth Amendment right to a fair trial was violated by the testimony of arresting officer's field tests kit evidence."[6] Second, he contends that his "Fourth Amendment rights were violated by an illegal stop and arrest under a false pretext requires appellant recieve [sic] a new full and fair suppression hearing."[7] Third, he contends that "[t]rial and initial postconviction counsel's failure to investigate the case denied the appellant

---

[5] Brown filed three motions to supplement his Rule 61 motion to include: (i) evidence that his vehicle registration had been valid at the time police stopped him: (ii) argument that the State failed to prove the chain of custody of the drug evidence, which was retested by an independent laboratory after the problems at the OCME became public; and (iii) argument that his trial counsel was ineffective for failing to object at his sentencing as a habitual offender.

[6] Opening Br. at 6.

[7] *Id.*

5

his Sixth and Fourteenth Amendment rights to a fair trial and collateral proceeding."[8]

(8) Brown's argument challenging the reliability of the field test results was not fairly presented to the Superior Court for decision because Brown did not argue it in the body of his Rule 61 motion or supporting memorandum.[9] Rather, he raised the issue for the first time in the reply brief that he filed in response to the State's answer to his Rule 61 motion. In the absence of plain error, this Court will not consider any issue on appeal that was not fairly raised to and considered by the trial court.[10]

(9) There is no plain error in this case because even if Brown had properly briefed the issue in the Rule 61 proceedings, his complaint about the field test used by the arresting officer still would have been procedurally barred. Superior Court Criminal Rule 61(i)(3) provides that any ground for relief that was not raised in the proceedings leading to the judgment of conviction is thereafter barred unless the defendant can establish cause and prejudice. Brown cannot establish prejudice because there simply is no merit to his unsubstantiated assertion that, because the field test kit used in his case

---

[8] *Id.*
[9] *See Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (holding that the failure to raise a claim in the text of the opening brief generally constitutes a waiver of the claim).
[10] *Russell v. State*, 5 A.3d 622, 627 (Del. 2010).

has been shown to give false positive results in other cases, a false positive result occurred in his case. In fact, the drugs seized from Brown, which field tested positive for cocaine, were later tested *twice* by forensic chemists and found to be cocaine. Thus, we find no merit to Brown's contention that the field test kit used in his case was defective or that the State violated its obligations under *Brady v. Maryland*[11] when it failed to disclose the existence of false positive results in other cases.

(10) Moreover, to the extent Brown argues that the State violated its *Brady* obligations by failing to disclose the problems that existed at the OCME, his claim is procedurally barred by Rule 61(i)(4), which bars reconsideration of any previously adjudicated claim.[12] Brown made essentially the same argument in his motion for a new trial, which the Superior Court denied. We affirmed that decision on appeal.[13] Brown is not entitled to reconsideration of this claim simply because he has refined or restated it.[14]

(11) Similarly, Brown's claim that he was subjected to an illegal search and seizure is also barred by Rule 61(i)(4). Brown's trial counsel filed a motion to suppress before trial, arguing that the stop of Brown's vehicle was

---

[11] 373 U.S. 83 (1963).
[12] Del. Super. Ct. Crim. R. 61(i)(4).
[13] *Brown v. State*, 117 A.3d at 580-81.
[14] *See Riley v. State*, 585 A.2d 719, 721 (Del. 1990).

pretextual and was not supported by reasonable and articulable suspicion or probable cause. The Superior Court denied Brown's suppression motion, and we affirmed that decision on appeal.[15] Brown's suggestion that his counsel failed to raise this claim is simply incorrect. We will not reconsider this previously adjudicated claim.

(12) Finally, Brown alleges that both his trial counsel and postconviction counsel were ineffective for failing to investigate, failing to retain an expert, or otherwise failing to challenging the admissibility of the field test results. To prevail on an ineffective assistance of counsel claim, Brown must establish that: (i) counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceeding would have been different.[16]

(13) In this case, the results of the field tests were not admitted as evidence to prove Brown's guilt at trial. Thus, counsel committed no error in failing to challenge the admissibility of this evidence. Moreover, even if defense counsel had evidence of a high false positive rate in other cases of the field test kit used by the arresting officer in Brown's case, there was no

---

[15] *Brown v. State*, 117 A.3d at 577-78.
[16] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

evidence that the field test kit gave false results in Brown's case. As previously noted, the drugs seized from Brown were later tested twice by forensic chemists and found to be cocaine. Additionally, as we noted in Brown's direct appeal, "the other evidence of Brown's guilt—including his own admission that he possessed and intended to sell over 20 grams of cocaine—was overwhelming."[17] Thus, Brown can establish neither cause nor prejudice to substantiate his ineffective assistance of counsel claims relating the field test results.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[17] *Brown v. State*, 117 A.3d at 581.