IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. WILSON, | § | |
| | § | No. 347, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1304003168 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 2, 2018
Decided: January 22, 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

**O R D E R**

(1)     The appellant, James A. Wilson, filed this appeal from the Superior Court's order of June 19, 2018, denying his motion for postconviction relief under Superior Court Criminal Rule 61,[1] and the court's order of June 28, 2017 denying his related motion for appointment of counsel.  We affirm the Superior Court's judgment.

(2)     In March 2016, a Superior Court jury convicted Wilson of Assault in the Second Degree and other offenses stemming from a motor vehicle collision caused as he was fleeing from two Dover police officers who were attempting to

---

[1] 2018 WL 3046576 (Del. Super. Ct. June 19, 2018).

execute a search warrant as part of a drug trafficking investigation.  On direct appeal, we affirmed the Superior Court's judgment under Supreme Court Rule 26(c).[2]

(3)     In June 2017, Wilson filed a motion for postconviction relief with supporting memorandum and a supplement to the motion (collectively, the "Postconviction Motion").  In the Postconviction Motion, Wilson claimed that he was improperly indicted for the assault charge and that his trial and appellate counsel were ineffective when they failed to raise the defective indictment claim at trial and on direct appeal.

(4)     After denying Wilson's motion for appointment of counsel, the Superior Court referred the Postconviction Motion to a Commissioner for proposed findings and recommendations.  At the direction of the Commissioner, Wilson's former trial counsel filed an affidavit responding to the allegations of ineffective assistance of counsel, the State filed a response to the Postconviction Motion, and Wilson filed a reply.

(5)     On February 14, 2018, the Commissioner issued a report recommending that Wilson's Postconviction Motion be denied.[3]  The Commissioner concluded that the defective indictment claim was barred under Rule 61(i)(4) because the claim was formerly adjudicated and reconsideration was not warranted

---

[2] *Wilson v. State*, 2017 WL 1535147 (Del. Apr. 27, 2017).
[3] 2018 WL 3096623 (Del. Super. Comm'r Feb. 14, 2018).

2

in the interest of justice.[4]   The Commissioner concluded that the ineffective assistance of counsel claims were without merit because Wilson did not establish any deficiencies in his counsel's representation or any prejudice from the alleged deficiencies.[5]

(6)    Wilson filed an appeal from the Commissioner's report and recommendation.  After considering the appeal, the State's response, and reviewing the record *de novo*, the Superior Court issued its order adopting the Commissioner's report and recommendation and denying the Postconviction Motion.[6]   Having carefully considered the parties' briefs and the Superior Court record, we can discern no error of law or abuse of discretion in the Superior Court's denial of the Postconviction Motion.[7]

(7)    On appeal, Wilson contends that the Superior Court's denial of the Postconviction Motion was an abuse of discretion because neither the Commissioner nor the Superior Court Judge addressed a number of his ineffective assistance of counsel claims.  In particular, Wilson complains that the Commissioner and the Superior Court failed to address a claim that his former trial counsel was ineffective when he failed to challenge the validity of the search warrant.

---

[4] *Id.* at *3.
[5] *Id.* at *4.
[6] *Supra* note 1.
[7] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

3

(8)     Rule 61 requires a movant to specify all available grounds for relief in the motion for postconviction relief.[8]   The movant may amend the initial postconviction motion at any time before a response is filed, but after that, the movant may amend the motion only upon leave of the court.[9]  The Superior Court is not required to address a claim for relief that is not fairly presented for decision.[10]

(9)     In this case, the record reflects that the Commissioner and the Superior Court addressed the ineffective assistance of counsel claim that was fairly presented in the Postconviction Motion.  To the extent Wilson raised additional allegations of ineffective assistance of counsel in his later-filed submissions—such as in his reply to the State's response to the Postconviction Motion (which is where he argued his trial counsel's failure to challenge the validity of the search warrant) and in his appeal of the Commissioner's report and recommendation—those allegations were not fairly presented to the Superior Court for decision.  Because the claims were not fairly presented, the Superior Court was not required to consider them.[11]

(10)    In the absence of plain error, we will not consider claims that were not fairly presented to and considered by the Superior Court.[12]  Plain error is error so

---

[8] *See* Del. Super. Ct. Crim. R. 61(b)(2) (governing content of motion).
[9] Del. Super. Ct. Crim. R. 61(b)(6) (governing amendment of motion).
[10] *Brown v. State*, 2018 WL 6181657, at *2 (Del. Nov. 26, 2018) (citing *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993)).
[11] *Id.*
[12] *Russell v. State*, 5 A.3d 622, 627 (Del. 2010).

clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the proceedings.[13] We find no plain error here. Wilson cannot establish that he was prejudiced by his former trial counsel's failure to challenge the validity of the search warrant in the drug investigation. Any illegality in the search warrant was immaterial in Wilson's prosecution for Assault in the Second Degree and the other offenses arising from the motor vehicle collision he caused when he fled from the police.

(11) Finally, the Superior Court did not err in denying Wilson's motion for appointment of counsel. Because Wilson was not convicted of a class A, B, or C felony, the Superior Court could only appoint counsel for him if it determined, among other things, that Wilson stated a substantial claim of ineffective assistance of trial or appellate counsel.[14] The Superior Court did not err in finding that Wilson did not do so.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[13] *Roy v. State*, 62 A.3d 1183, 1191 (Del. 2012).
[14] Del. Super. Ct. Crim. R. 61(e).

5