IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREDERICK GRAY, | § | |
| | § | |
| Defendant Below, | § | No. 447, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1302002738A&B (N); |
| | § | 1302003053 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 3, 2020
Decided: April 29, 2020

Before **SEITZ,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

(1)     The appellant, Frederick Gray, has appealed the Superior Court's denial of his first motion for postconviction relief under Superior Court Criminal Rule 61. After careful consideration of the parties' briefs and the record, we affirm the Superior Court's judgment.

(2)     Gray was convicted of attempted murder, first-degree robbery, and other charges in 2014, in cases arising from an armed robbery of a gas station and a shooting of a police officer.  This Court affirmed his conviction on direct appeal.[1]

---

[1] *Gray v. State*, 2014 WL 7895468 (Del. Dec. 29, 2014); *Gray v. State*, 2015 WL 5926151 (Del. Oct. 9, 2015).

(3)     Gray filed timely motions for postconviction relief.  The Superior Court appointed counsel to represent Gray in the postconviction proceedings.   The appointed counsel eventually moved to withdraw under Superior Court Criminal Rule 61(e)(7).[2]   In response to the motion to withdraw, Gray submitted three arguments in support of his request for postconviction relief.  He argued that the shooting victim's identification of Gray was mishandled or coerced, that his trial counsel's performance was not "100%," and that the jury was biased by media coverage of the attempted murder case.  On September 27, 2019, the Superior Court entered an order denying the motion for postconviction relief and granting counsel's motion to withdraw.  Gray has appealed from that order.

(4)     Gray raises two arguments on appeal.  First, he alleges error relating to the withholding of unspecified exculpatory evidence until the "last minute" during his attempted murder trial, leaving inadequate time for the defense to examine and make use of the evidence.  Second, he contends that the Superior Court erred by allowing the testimony of a firearms expert, Carl Rone, whose certification by the Association of Firearm and Toolmark Examiners had lapsed.

---

[2] *See* DEL. SUPER. CT. CRIM. R. 61(e)(7) (establishing procedure for counsel to move to withdraw if "counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant").

(5) Gray did not present these claims to the Superior Court as a basis for postconviction relief, and we conclude that the interests of justice do not require our consideration of these claims.[3] Although Gray does not identify in this appeal the exculpatory evidence that he claims was suppressed, on direct appeal this Court addressed Gray's claim regarding the late production of a supplemental police report that contained purportedly exculpatory evidence.[4] Gray's claim is therefore barred under Superior Court Criminal Rule 61(i)(4) to the extent that it relates to the police report.[5] To the extent it relates to some other evidence, it has been waived.[6] The defense did not challenge Rone's testimony at trial or on direct appeal, despite cross examining Rone extensively regarding the lapse in his certification. That claim is therefore barred under Superior Court Criminal Rule 61(i)(3).[7] Gray has not asserted that the Superior Court lacked jurisdiction; that a new, retroactively-applicable rule

---

[3] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."). *See also Russell v. State*, 5 A.3d 622, 627 (Del. 2010) (stating that the "interests of justice" exception is "extremely limited" and invokes the plain error standard of review, and that it will be satisfied only when the error asserted amounts to a material defect that is apparent on the face of the record; that is basic, serious and fundamental in its character; and that clearly deprives an accused of a substantial right or clearly shows manifest injustice).

[4] *Gray*, 2015 WL 5926151, at *2-5.

[5] *See* DEL. SUPER. CT. CRIM. R. 61(i)(4) (barring postconviction relief based on claims that were formerly adjudicated).

[6] *See Harris v. State*, 2014 WL 3883433 (Del. July 29, 2014).

[7] *See* DEL. SUPER. CT. CRIM. R. 61(i)(3) (barring postconviction relief based on a claim that was "not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court," unless the movant shows cause for relief from the procedural default and prejudice).

3

of constitutional law applies to his case; or new evidence of actual innocence exists. Thus, he has not established that the procedural bars are inapplicable.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[8] *See id.* R. 61(i)(5) (setting forth exceptions to procedural bars).